UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PAUL BOROWIEC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONES, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-2173 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court is plaintiff's complaint for screening and his motion to proceed in forma pauperis.  For the reasons set forth below, this court will grant the motion to proceed in forma pauperis.  In addition, this court finds plaintiff fails to state any claims for relief under §1983.  Plaintiff will be given the opportunity to amend the complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §1915(b)(2).

**SCREENING**

I.   **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

II. **Discussion**

   **A. Plaintiff's Allegations**

Plaintiff is incarcerated at Mule Creek State Prison ("MCSP"). He complains of conduct that occurred there in August 2022. Plaintiff identifies two defendants: Correctional Officer Jones and the Secretary of Corrections.

Plaintiff alleges the following. Prior to 2018, the California Department of Corrections and Rehabilitation ("CDCR") had a policy of restricting some yards to only those with sensitive needs. In 2018, CDCR changed that policy to permit prisons to transfer "mainline" prisoners to those previously designated sensitive needs yards ("SNY"). Plaintiff indicates that he is a sensitive needs prisoner.

Plaintiff contends that, "[a]s a general rule among convicts, mainliners have 24 hours to assault someone on a previously SNY designated yard so as to be transferred off that yard or they considered 'no good' and they themselves would be hurt or killed if they are back in a 'main line' yard." Plaintiff states that mainliners do not want to be housed in a previously designated SNY.

////

3

1 Plaintiff also contends there have been "hundreds" of incidents of mainline inmates harming SNY
2 inmates in previously SNY designated yards.
3    Plaintiff further alleges that on August 19, 2022, defendant Jones and an unidentified officer
4 were transporting plaintiff and other SNY inmates in a van from the medical unit back to their
5 yard. Jones stopped the van to allow a mainline inmate to board it. The mainline inmate told
6 plaintiff that the night before he had refused to comply with the assignment to MCSP because of
7 its previous SNY status. Plaintiff also heard Jones and the other officer discussing the inmate's
8 conduct.
9    When the van arrived at the yard, Jones removed the inmates' handcuffs, including those of
10 the mainline inmate. The mainline inmate then punched plaintiff in the jaw. Plaintiff states that
11 he ran away from the inmate but when he stopped, the inmate continued to follow him. This
12 series of running and stopping happened four times. Jones did nothing to intervene during that
13 time. Eventually, the mainline inmate gave up.

14         **B.   Does Plaintiff State Claims for Relief?**
15              **1.   Legal Standards for Failure to Protect Claim**

16    Prison officials have a duty under the Eighth Amendment "to take reasonable measures to
17 guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners."
18 Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v.
19 Brennan, 511 U.S. 825, 832-33 (1994) and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.
20 2005)). To allege a claim for a violation of this duty, a prisoner must "show that the officials
21 acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714
22 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).
23    A failure to protect claim under the Eighth Amendment requires a showing that "the official
24 [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer, 511 U.S. at 837.
25 "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact
26 subject to demonstration in the usual ways, including inference from circumstantial evidence, . . .
27 and a factfinder may conclude that a prison official knew of a substantial risk from the very fact
28 that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from

serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297 (internal quotations marks, emphasis, and citations omitted).

### 2. Plaintiff's Allegations Against Jones

Plaintiff's claim against Jones involves two events: Jones' removal of the mainline inmate's handcuffs and Jones' failure to intervene when the inmate chased plaintiff after punching him. With respect to the first event, plaintiff alleges Jones knew that the inmate picked up by the van was not a sensitive needs inmate and was resisting his transfer to MCSP. However, plaintiff only speculates that Jones knew of the "general rule among convicts" that mainline prisoners must attack a SNY prisoner within 24 hours. Moreover, even if Jones was aware of that "rule," plaintiff fails to show Jones knew that plaintiff personally was in danger from the mainline inmate and that in removing the handcuffs Jones was disregarding an "excessive" risk to plaintiff's safety. Plaintiff's broad allegation that all SNY inmates were at risk from all non-SNY inmates is too general and speculative to state a claim that Jones acted with deliberate indifference to plaintiff's safety when he removed the mainline inmate's handcuffs.

Plaintiff also alleges Jones violated prison regulations by removing the mainline inmate's handcuffs. An officer's noncompliance with prison regulations is not cognizable under § 1983 unless it rises to the level of a violation of a constitutional right. See Davis v. Scherer, 468 U.S. 183, 192 (1984); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of a federal constitutional right). As stated above, plaintiff's contentions do not amount to a constitutional violation.

With respect to the second event – the mainline inmate chasing plaintiff – plaintiff does not allege he suffered a physical injury while or after he was being chased. Pursuant to 42 U.S.C. §1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the Ninth Circuit Court, this requires "a prior showing of

1   physical injury that need not be significant but must be more than de minimis." Oliver v. Keller,
2   289 F.3d 623, 627 (9th Cir.2002). To the extent plaintiff seeks compensatory and punitive
3   damages premised upon a violation of his Eighth Amendment right to be free from cruel and
4   unusual punishment, § 1997e(e) bars his claim. See Jones v. Greninger, 188 F.3d 322, 326 (5th
5   Cir.1999) (affirming dismissal of inmate's failure to protect claim under § 1997e(e) without
6   allegation of physical injury); Wolff v. Hood, 242 F. Supp. 2d 811, 817–18 (D. Or. 2002); Hicks
7   v. Robles, No. 1:18-cv-1481 AWI EPG, 2019 WL 2089505, at *6 (E.D. Cal. May 13, 2019)
8   (citing Wolff, 242 F. Supp. 2d at 817).

### 3.    Plaintiff's Allegations against the Secretary of Corrections

Plaintiff's contends the Secretary of Corrections was responsible for the 2018 change in policy. However, plaintiff makes no showing that the policy change was made with the knowledge of an excessive risk to SNY inmates' safety. Again, plaintiff's broad allegations of risk from all non-SNY inmates to all SNY inmates are insufficiently specific to show an Eighth Amendment violation.

### CONCLUSION

This court finds above that plaintiff has stated no potentially cognizable claims under §1983. While this court finds it unlikely plaintiff will be able to state a claim based on the facts he has alleged, he will be given an opportunity to file an amended complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

////

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to provide plaintiff with a copy of the prisoner complaint form used in this district.

Dated: April 12, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/boro2173.scrn LTA

8